Your Honor, the final case on the docket today is 2-24-0040, 166 Symphony Way, LLC, and The Hate Company, Plaintiff's Counter Defendant's Affiliate, v. U.S. Property Investment Group, LLC, Defendant, Counter Plaintiff, Appellant. Arguing on behalf of the appellant, Mr. Timothy A. Hudson. Arguing on behalf of the appellate, Mr. Marius N. Cariados. Thank you. Mr. Hudson, you may proceed. Good afternoon, Your Honors. Tim Hudson on behalf of the appellant, U.S. Property Investment Group, LLC. May it please the Court, Counsel, Mr. Cariados. This appeal is about the Circuit Court's award of a contract-based prevailing party fee, shifting provision, to two separate legal entities, Symphony Way, LLC, and The Hate Company, who were one, neither parties to the contract, nor two, third-party beneficiaries of the contract. The Circuit Court's decision was based entirely on an erroneous and unreasonable reading of this Court's prior opinion in a prior appeal, that according to the Circuit Court, quote-unquote, mandated that it award attorney fees to those separate entities without regard to, or even consideration of, the contract's language or governing Illinois law. According to the Circuit Court, its hands were tied by this Court, such that it could not, and would not, even consider, much less apply, the contract's language or controlling law. The Circuit Court also erred in ruling that Symphony and The Hate Company would be treated as a...  You said, also erred in. So that implies that what you said immediately preceding was also inherent, correct? That the judge's hands weren't tied? Absolutely not, yes. The Circuit Court's hands were not tied in considering what to award for prevailing party fees, and to whom, under the contract, and under Illinois law. The Circuit Court also erred in ruling that Symphony and The Hate Company would be treated as a single entity for purposes of assessing prevailing party attorney fees. The Circuit Court further erred in ruling that Symphony and The Hate Company were lawful beneficiaries to the contract, and denying U.S. property the right to present evidence and argument regarding whether either of those separate entities were, in fact, lawful beneficiaries under the contract's prevailing party provision. Finally, the Circuit Court erred in denying U.S. property's subsequent motion for consideration and enforcement of the contract's separate indemnification provision. Didn't we rule that that shouldn't be applied? Well, what the Court ruled, Your Honor, is that, respectfully, I don't... What the Court ruled is that the Circuit Court's sort of summary decision, without having conducted any hearing or heard any argument with respect to either the indemnification provision or the prevailing party provision, just canceled each other out. They just canceled each other out. What this Court held is that that's not the case. This Court held, first, really a pretty narrow ruling. Who won? Who was the prevailing party at the trial? And it ruled that the plaintiff's side won. And then the Court addressed the narrow issue of the Court's reasoning that the indemnification provision canceled out the prevailing party fee provision, and correctly held, of course, that it does not. In fact, both of those provisions have different scopes entirely. The indemnification provision is much narrower than the prevailing party provision. The Circuit Court's misinterpretation of this Court's prior opinion, and its refusal to even consider the contract language or controlling Illinois law, was plain error, and it should be corrected by this Court in the interest of justice. Let me please address these issues in turn. First, the Circuit Court committed clear error in concluding that this Court's prior opinion mandated an award of attorney's fees to both Symphony and The Hate Company, regardless of whether they were a single entity, parties to the contract, or lawful beneficiaries thereunder. This Court did no such thing. With respect to attorney's fees, the only questions before the Court was, one, whether the two provisions canceled each other out, and two, which side won the trial? This Court held only that the contracts indemnification and prevailing party provisions do not cancel each other out, and that the plaintiff's side prevailed over the defendant's side. And it remanded the matter back to the Circuit Court for further consideration with respect to attorney's fees. Doesn't it say we remand the cause for the trial court to determine a reasonable fee award? It sounds like that was it. That's narrower than what you just said. Your Honor, respectfully, I think that it's that the Circuit Court sort of takes a lot of liberties with language that was used in this Court's prior ruling. No, no, I'm reading from our opinion. Yes. The previous opinion. Well, what the Court was ruling, in our view, based on the prior opinion, is that it was simply returning the matter back to the state court, to the trial court, to make a determination as to what fees are reasonable here in accordance with Illinois laws. This Court pointed out any reward of attorney's fees is an abuse of discretion if it is done under a quote-unquote misapplication of Illinois law. That's also in the Court's original prior ruling. And so it sent it back to the trial court to determine what's a reasonable fee award in accordance with Illinois law. And that requires looking at the contract, the parties, and Illinois law governing attorney's fees in this case. This Court did not address and was not asked to address, and it did not decide whether the Haight Company and Symphony Way were quote-unquote a single entity or lawful beneficiaries under the contract's prevailing party terms. And it did not mandate that the Circuit Court award both of them attorney's fees regardless of whether Illinois law prohibits that. Those issues were simply not right before the Court. The only question before the Court was which side won, and do the two provisions cancel each other out? And the Court made very clear ruling. Can I interrupt you and ask you a couple questions? Of course. You filed a counter-complaint, I believe, a counter-claim? Yes. And in that counter-claim, didn't you pray for relief in the nature of attorney's fees based upon a prevailing party? We did. Do you know what mutuality of contracts is or are? On the concept of mutuality? I am aware, Your Honor. So it would seem that if they, the plaintiffs, are asking for prevailing attorney's fees based upon the contract, and you file a counter-claim, and you are asking for the same relief on the basis that you believe you are the prevailing or should be the prevailing party, where is the contention that the agreement doesn't relate to both parties, that the mutuality applies, and if the prevailing party, whoever that might be, would be based upon the prayers for relief, which were consistent amongst the two, would end up getting fees? Well, Your Honor, a couple of quick thoughts in response to that. First, there is no authority under Illinois law that a prayer for relief in a complaint changes, A, the parties to the contract or the plain language of the contract, B, changes any Illinois law with respect to who can receive fees, C, changes any Illinois law, I am suggesting that it constitutes something in the nature of a judicial admission that the contract applies mutually between the two parties and that whoever prevails will be entitled to fees. Your Honor, with respect to the prayer for relief, the prayer for relief is, envisions determinations down the road as to whether or not the plaintiffs in this case, Symphony Way and the Haight Company, are indeed obligated to pay those legal fees. It's not an admission that they are, it's a contention that they may be. Why, if you're making that plea, you would make that plea if, as you argue now, those individuals on the plaintiff's side didn't have any mutuality or privity or connection to the contract? Your Honor, because it was not known at the time that the counterclaim was filed, what facts or evidence may exist as to whom might have become assinees under the original contract by Linda Haight? Did she, is Symphony Way or the Haight Company somehow a successor in interest? None of that information was known at the time that the counterclaim was filed. No, it's a question of what your allegations in prayer for relief is. Well, it's a matter, it's an allegation, not a certified It's not an allegation, it's a prayer. Well, it's a prayer, exactly. It's not even an allegation. It's a request for relief that may or may not have been well-founded based on how the facts were decided in the course of the case. Are you talking about frivolous prayer? Oh, absolutely not frivolous, but certainly one that was made in good faith in considering that Symphony Way LLC had taken upon itself to presume it was a successor in interest or assinee of Ms. Haight who was one of the original parties to the contract, but certainly not frivolous or made in bad faith. There's a presumption, an unstated premise in your logic, and that is that the contract that created the easement doesn't run with the land and that successors in title aren't subject to that contract. Is that correct? I wouldn't say that it's a presumption it doesn't run with the land. I understand that easements do run with the land, but we weren't going to presume or admit at the outset that everything had, that in fact Symphony Way was the new owner of the property or that the Haight Company hadn't acquired an ownership interest in the property. At the initial pleading stage, Your Honor, there was a lot that wasn't yet known. Now, I acknowledge that there might be a much more straight line, potentially, between Linda Haight who was a party to the contract and Symphony Way LLC which is the entity for which she is the sole owner. There might be a more straight line there for the contractual easement agreement rights to flow with the land. With the Haight Company, there's simply no question. No one with a straight face can possibly claim that the Haight Company, which is a separate legal entity with separate legal owners, is somehow a party to that contract. There's no question that they're a third party and stranger to the contract. Indeed, they did not exist, come into existence until some two decades after the original contract. Did you file a petition for re-hearing in the original appeal? A petition? Your Honor, I do believe that a motion to reconsider was filed, but I don't want to answer that absolutely now because I don't know for certain. I won't recall either, but I do recall that if there had been one, that the issue that you are now arguing to this court wasn't contained in the petition. Which is the reason why I believe, Your Honor, that there might not have been one because the trial court entered its judgment on liability and federal judgment right away, including with respect to attorney's fees and indemnification, which comes as a bit of a surprise because, typically speaking, you'll have the liability determination. The court will enter its ruling on that and then say, all right, well, what do we have next before final judgment is entered? At which point, counsel for the plaintiffs and I would have said, well, we have an attorney's fee provision. We have some competing prayers for relief, and we need to address that in light of the facts and the law and potentially have an evidentiary hearing on that. And then, if attorney's fees are awarded, we'll need to separately consider the separate provision, the more narrow provision, relating to indemnification. That didn't happen here. For whatever reasons, the circuit court had seemed eager to get this off its docket. But I don't think that we never even got to these questions because, again, all that the circuit court ruled was, in a pretty cursory ruling, we've got an attorney's fee provision on this side and we've got an indemnification provision on this side, and it's all a wash, so go talk to the court of appeals. None of those issues were brought up. Any other questions? No, sir. No. Only a point of clarification. You said the trial court looked at the indemnification and the prevailing party section and said it's a wash. So the trial court never really determined who was the prevailing party, or is that implicit in the fact that the indemnification clause would apparently apply to whoever was the prevailing party and there would be a wash under those circumstances regardless of who was the prevailing party? I don't think the circuit court dug into it that deeply, Your Honor, and I think that that's evident from the circuit court's original ruling. And who is the prevailing party is irrelevant, really, to the indemnification question. Prevailing party is certainly relevant as to the prevailing party provision, but indemnification is an obligation that runs between the grantor and the grantee, the grantor in this case being U.S. Property and the grantee being Linda Hayes or her successor. The indemnification only ran one way, is what you're saying. Correct. Whereas the prevailing ran both ways. Yes, so long as you are a party under the contract and under Illinois law in that regard. Your Honor, I'm happy, very happy, to primarily address the questions that this court has. I recognize that I'm out of time. Well, I'm done asking questions. If they don't have any other questions, you'll have an opportunity to make rebuttal. Thank you very much. Mr. Karyanis, give me just a second. Mr. Karyanis, you may proceed. Good afternoon. May it please the court and counsel and the parties who are present, my name is Mario Karyanis. I represent the Haight Company in 166 Symphony Way. To answer the court's last question to Mr. Hudson, the trial court, in paragraph D of its order, in found, pursuant to paragraph 9 of the easement, plaintiffs, counter defendants, as the prevailing party, are awarded their reasonable attorney's fees. So the trial court did make a finding we were the prevailing parties. This court, in paragraph 155 of its determination, and I quote, we first determined that the fee-shifting provision entitles H.C. to attorney's fees. Both the trial court and this court made findings that we were entitled to attorney's fees, and so I take issue with counsel's arguments or reading of this order that says otherwise. To your knowledge, was the arguments that Mr. Hudson argued before the court raised either in the trial court below for purposes of appeal or in a PFR or in the initial appeal? I don't believe they were raised in the trial court. They certainly weren't raised in the initial appeal. The pleadings in the initial appeal, the briefs speak for themselves. The only sole issue on the case was did the trial court err in not awarding us our fees because of this finding relative to the indemnification agreement. Certainly, United States property absolutely had every opportunity in the world to, in defending against that cross appeal, bring to the court's attention these issues about, you know, did the two parties make a difference and so forth. None of that was done. And that's, you know, the reason my brief largely centered a lot on that is that exact problem. Basically, this court was provided with both sides' arguments. You determined, based on those arguments, that we were entitled to attorney's fees. You, in fact, explicitly said so. And as Your Honor, Justice Mullin just asked in your question, you remanded the case to the trial court with pretty specific directions to conduct the hearing to determine the reasonable fee award. As this court is well aware, you're bound to follow your prior decisions per the Ralph case that I cited in our brief. And there's kind of two pretty specific exceptions to that. One is if a higher court has issued a contrary decision. Or two, if you're convinced that your prior order was palpably wrong. Now, Justice McLaren and Justice Jorgensen, you were part of that initial panel. So I guess, you know, you have to ask yourselves internally whether you think you made a palpable mistake. I never make mistakes. I'm only incorrect. That's a good way to look at life. I think I probably make more mistakes than I like to admit sometimes. But I think using incorrect is a better way to look at it. Justice Mullin, you don't have to do that internal discussion in your head because you weren't part of that panel. But the reality is this court wasn't palpably wrong. In fact, it was palpably correct in its decision. As this court noted in its discussion relative to the fee shifting and the indemnification clause in particular, which was discussed in paragraphs 160 to 164 of your opinion, you talked about the fact that the reason for these kind of fee shifting petitions is to prevent exactly the kind of conduct that this case has been all about. And that's litigiousness beyond comprehension. The intent of these kind of provisions, frankly, is to prevent parties such as the Staniks from doing what they did in this case. And that you were palpably correct in determining that we were the prevailing party. And you were equally correct in directing the trial court to award its reasonable fees. When we did the hearing, Judge Bush did exactly what you told him to do. He conducted a hearing to determine what the reasonable fees should be. I got to testify. My son got to ask me questions under oath and missed the opportunity to ask me probably questions that he could ask about other things unrelated to this case. But at the end of the day, what's interesting about the appeal in this discussion here is none of Judge Bush's determinations relative to did I charge too much per hour, 400 bucks an hour? Did I spend too much time researching an issue, preparing for trial? Did I spend too much time on a phone call with my client? You know, the types of things you typically see in fee petition questions, none of that's challenged here. So, interestingly, even if you were to somehow agree with U.S. Property that this case merits going back down again for some reason, those issues have now all been waived. Because there is no argument as to the amount that's been awarded. The only question that they want to raise for the first time now after an initial trial, after an appeal to my knowledge, Justice McClaren, I don't believe they filed a motion for re-hearing. I don't want to misstate the court files will speak for itself, but I don't recall one. I do know a PLA was filed that was rejected. But for the first time now, they want to raise this new issue about the new entities and who they are and so forth. And interestingly on that note, I do want to note to the court that you discussed the fact that the original grantee of the easement existed and so forth. There's language in your opinion, I'm trying to find my notations relative to that, where you are discussing the fact that the original grantee and grantor could not possibly have intended that the indemnification agreement would cancel things out like was being argued and like the trial court had originally done. So clearly the two of you that were on that panel were aware of the fact that neither the Haight Company nor Ike 166 Symphony Way were the original grantee. They're trying to make an issue out of the fact that there hasn't been a hearing as to whether this contract, which runs with the land undoubtedly, somehow doesn't inure to 166 Symphony Way all the rights under that contract. And I don't know what the basis of that is. But at the end of the day, it's not as though this court had its collective head in its hand and wasn't aware of the fact that 166 Symphony Way and the Haight Company were new entities in this case. They were clearly new entities. On the motion for indemnification that they bring, I frankly don't know how a reading of the initial case could possibly suggest that 166 Symphony Way would still be subject to indemnification or having to indemnify U.S. property for the attorney's fees that 166 Symphony Way had to pay. I mean, this court clearly decided this issue. I'm even more befuddled with the fact that that motion is directed towards Linda Haight, who is a non-party in this case. I don't know how Judge Bush would have had jurisdiction to enter an order under that motion against Linda Haight, who is not even a party in this case. And so the denial of the motion as to her is, again, is without question. What occurred here is, on the cross appeal, we argued about the same things that counsel just said. We argued about who was the prevailing party in paragraphs 156 through 159. This court previously found that THC and 166 were clearly the prevailing party. You've talked about some of the somewhat insignificant wins here and there that United States property may have secured in the case, but you also noted that those didn't derail from the fact that my clients were the prevailing party. And so you very clearly found that we were the prevailing party. Then you went on to the indemnification clause and correctly, based on the case law that was cited, determined that the indemnification clause could not give meaning to the fee-shifting clause if it was as simple as what they're arguing. In other words, we can do wrong and then yet we get to indemnify ourselves against our own wrongdoing. And so you correctly concluded, based on that, that we were entitled to fees. You remanded the case with very clear instructions. Again, the precise language in paragraph 166 is we reverse the trial court's decision as to attorney's fees and remand for the trial court to determine HC's reasonable fee award. Nothing in that remand about conduct a hearing on whether HC is entitled to fees. Nothing in that remand about whether there's some delineation that needs to occur between HC and 166 in any way. Nothing that would suggest to Judge Bush as the judge reading your opinion that he should be doing the things that they're now arguing on the subsequent appeal that he should have done. Judge Bush did exactly what this court directed him to do. He followed the mandate. He conducted the hearing. He offered them an opportunity to cross-examine me and challenge me as to any of the fees that we sought and provided. And he awarded fees based on what he thought was just. They argue in their brief that your review here is de novo. It's not. It's an abuse of discretion standard and it's very clear that under the case law that I've cited that the trial court on fees provision determinations is given great deference based on its knowledge of the lawsuit and what's occurred and so forth. Nothing that they've shown you here would suggest that Judge Bush in any way committed the type of reversible error that they seek. In all candor, I don't have much more to add to that and I know I'm short of my time here but that's probably a good thing because it's been a long day for the three of you. I think this is a simple question in this case. The matters that they are trying to raise have been decided. The appropriate result here is an affirmation of the trial court's determination. On the final issue, I know that it's usually seen with disfavor when attorneys seek fees to get fees. You file your fee petition and then should you get fees for that. Given the litigiousness and the nature of this case to the extent that the panel believes it's appropriate, I do think that this is a case where perhaps my client should be afforded an opportunity to recover the fees for these proceedings. At this point in time, this case will never seemingly end unless somehow, someway something gets through to the standings that it needs to stop. With that, I don't have anything further to say. I don't know if there's any questions from the panel but I appreciate the opportunity to talk to you today. Why would we not afford you the opportunity for recovery of fees on appeal? What would be the policy consideration against it? Sometimes in scenarios like, for example, a family law scenario, if somebody's filing a fee petition and then they're billing to draft the fee petition and asking for that time as well, I think there's some question in my mind as to whether or not to get fees for seeking one's own fees. But under the fee shifting in this case, I don't think that applies and that's why I do believe this court should award fees for this proceeding. So I understand that you would be asking for fees for the appeal, not for your fees to prepare the motion for fees on appeal. Correct. I don't believe at the fee hearing with Judge Bush I asked for fees for that part of it and I'll defer to the record but that's, I guess, what I'm saying. But I think under these circumstances, and it's a clear fee shifting scenario, I do think we ought to get our fees for what's occurred through today's date. Are there any other questions? Again, I appreciate the opportunity to talk. I guess my question is would you even have to request it from us if we affirmed the decision and the mandate was issued? Would it be reasonable to conclude that you could petition the trial court for prevailing fees on this appeal? In 40 years of practice, I've never had this question come to me so I don't know what the answer to that is but that's what I would do. So I would probably go back to the trial court and ask for fees and go there if the court were inclined to affirm and I guess that ends this court's role at this stage of the proceedings and I guess I have to figure out what I do at that point in time. Anything else? Again, I appreciate the time today. Thank you. No, and again, we apologize for the delays. Mr. Hudson. Thank you, Your Honor. I just want to clarify what the court sent back to the trial court. The court said, this court said that it was remanding this matter for, quote, a determination of a reasonable fee award, end quote. That does not decide a determination of a reasonable fee award to whom? There are two separate plaintiffs in this case. It also does not decide what if Illinois law provides that a reasonable fee award under the circumstances as zero as to either or both of the plaintiffs? Those were matters for the circuit court to decide, yet it refused, categorically refused to do so. It wouldn't even engage in the discussion for one simple reason. Judge Bush told you that his decision was based on the mistaken assertion that this court's reference in its opinion to Symphony and the hate company collectively as HC constitutes a substantive legal determination that they are a single entity, both of whom are entitled to attorney's fees as a prevailing party, and that the circuit court is bound by that decision on remand. That is an extraordinarily aggressive reading of the use, common usage of a collective definition in a court's opinion. I'd like to interrupt you and ask a few questions. Yes. The trial court did something below, and you appealed it. And we're listening to oral argument right now. And if we determine that what the trial court did should be affirmed, regardless of the reasons for it, would you admit that Mr. Koryanis prevailed again? Does he dispute about who prevailed as the prevailing party? His clients would be entitled to fees? Well, Your Honor, we're not disputing who was determined to be the prevailing party by either the underlying circuit court or by this court in its original ruling. But we respectfully had a difference of opinion. We respectfully disagree. We understand who has the power to make that decision, and we respect that. With respect to whether or not this court affirms the circuit court's ruling on remand in the present appeal and whether that would entitle either of the plaintiffs to prevailing party's fees here, it's not an issue that has been raised or briefed in this appeal, and one that I would have to consider, including whether or not, again, if we can't avoid addressing the fundamental question of Illinois law that is well settled, that if you're not a party to the contract Why do we have to address something that wasn't addressed in a timely fashion? It wasn't because it was addressed in a timely fashion. The moment this case went down on remand to determine a reasonable fee award to whomever that is, in accordance with Illinois law, we immediately raised these issues. They couldn't have been raised earlier, Your Honor, because the circuit court didn't conduct any proceedings, didn't accept any briefing before it ruled that the two provisions cancelled each other. I'm sorry, could you repeat that? The syllogism is leaving out a premise. I submit to you that the premise that you've left out in your syllogism is that we determined and affirmed that the trial court was correct in determining who the prevailing party was. And as such, implicit in the judgment or the order of disposition, whoever the trial court determined was the prevailing party to whom we affirmed would be the party who would be entitled to fees. Would you agree or disagree with that? I agree that the circuit court ruled without consideration of the contract language and Illinois law governing prevailing party fees, that the plaintiff's side of the case prevailed over the defense side of the case, U.S. property. No question. But that is hardly a determination and one that cannot be found in the circuit court's opinion. What can be found in the record is that both sides asked for attorneys' fees based upon the fact that they believed that they were the prevailing party. And you were found by the trial court not to be the prevailing party, but you won anyway because of indemnification. However, it came up to us to determine that fact. And when it came up to us, you didn't make any argument whatsoever that what the trial court did in determining that the plaintiff was the prevailing party, you didn't raise this issue about who was in privity or who was the grantor and the grantee or who or whether or not the agreement ran with the land and could be imposed and held against anybody who supposedly was rightfully in possession based upon the chain of title. So, essentially, I think you've heard the term forfeiture before and that, I would suggest to you, was a forfeiture. And when you went back down, you raised an argument that was forfeited in the direct appeal. So, the arguments that you're making, I don't consider have much merit, simply because this should have been raised in the appeal when the trial court determined that they were the prevailing party. This argument should have been raised amongst all the other arguments that you made relative to your cross-appeal, your counterclaim and so on. I hear you, Your Honor. I would just respectfully suggest that there was no reason to raise these issues on appeal because the first appeal was simply limited to whether they canceled each other out. The circuit court didn't determine, made no determination, that the hate company was a party to the contract or a third party beneficiary under the contract. It didn't even purport to do so or assume to do so. And those questions were not right at that time. And moreover, when coming to the question of waiver or forfeiture, even if this court were to find that U.S. property could have raised these issues on appeal, had it read the circuit court's original decision so broadly, that the rule of waiver is an admonition to litigants. It's not a limitation on the jurisdiction of this court. And whereas here, the responsibility of the reviewing court for a just result and for the maintenance of a sound and uniform body of precedent overrides the consideration of waiver or forfeiture. And the court may, and we would posit should, consider the merits of these arguments on appeal. I understand where you're coming from, Justice McLaren. I do. I do. And I would just ask that given the paucity of the reasoning and explanations in the circuit court's original ruling, where it never heard argument, never had an evidentiary hearing, never allowed the opportunity for an evidentiary hearing, and just said, let's be done with this, they both cancel each other out, that really didn't present the issue as one that was ripe for the appeal. Because the question was, and it wasn't an issue that we appealed. It was an issue that the plaintiff side appealed. The appellees appealed. Your argument leaves out the procedural default that you committed, which prejudiced the opposing party, which suggests that a just result is, because of prejudice, inappropriate under the circumstances, at least insofar as your prayer for relief is concerned. Or your argument just now. Do you know what a procedural default is? I do know what procedural default is, but I don't believe that it applies here. And again, I don't think that the prayer for relief constitutes, as a matter of law that's been recognized by any court in the state of Illinois, that the prayer for relief somehow constitutes a waiver of arguments or the ability to have the court and the parties analyze whether there is a factual or legal basis for the relief that is requested. I'm not aware of any case in the state of Illinois. Certainly the appellees have cited none. Certainly the circuit court cited none. And perhaps this court will have some, but that prayer for relief, I think, is being asked to do a tremendous amount of heavy lifting here. The prayer for relief is a legal position that, if it is considered to be reasonable, is based upon your understanding or the attorney's understanding of what the law is relating to attorney's fees, prevailing fees, and so on and so forth. And so when you ask for prevailing fees against opposing counsel or opposing parties, you're either making a facetious, frivolous argument, or we will take it at face value and we will assume that you don't have a problem with whoever wins, wins. Now, I'm not suggesting that the fact that you make the prayer means that you are forever foreclosed, because if you had raised the issue, as I've suggested, in the appeal, what you are now doing today or previously once you went back to the trial court, I would buy the argument that supposedly you aren't a stop or this isn't an omission or something like that. But you didn't do that. So the law of the case says that as far as this case is concerned, the parties in the trial court both believe that there was a mutuality insofar as what the limitations, conditions, prohibitions, and sanctions that were contained in the grant of the easement applied to both sides. And there's nothing in the record to indicate to the contrary. And so when you suggest that you should now be given the opportunity to argue things that you forfeited, and you forfeited it at a time when, had you raised the issue, opposing counsel and possibly the trial court if you raised it below might have been able to address it. If you had raised it in the initial brief on direct appeal, we could have addressed it. And we could have addressed it and you wouldn't have had to have gone back down and argued what you're arguing today. Maybe the only thing you would argue back then was whether or not the fees were actually reasonable. But I have nothing further to tell you because your argument, in my opinion, is misplaced. Thank you. Any other questions? Does this time up? Well, I didn't want to cut you off. I appreciate that, Your Honor. Court is adjourned.